## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM C. HUNTER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 08-00666-KD-M |
| | ) | |
| CITY OF MOBILE | ) | |
| | ) | |
| Defendant . | ) | |

## ORDER

Before the Court is Defendant City of Mobile's trial brief regarding damages (Doc. 97), and the plaintiff's response (Doc. 100). The defendant asks the Court to strike the plaintiff's claims for liquidated damages under the ADEA and Alabama ADEA.

The Court adopts the reasoning set out by the Third Circuit in Potence v. Hazelton Area School Dist., 357 F. 3d 366 (3d Cir. 2004):

> The ADEA incorporates the enforcement powers, remedies, and procedures of the Fair Labor Standards Act ("FLSA") set forth in 29 U.S.C. §§ 211(b), 216 (except for subsection (a)), and 217. 29 U.S.C. § 626(b). The enforcement provision of the [ADEA] expressly provides for imposition of liquidated damages payable "in cases of willful violations of this chapter." 29 U.S.C. § 626(b). The FLSA further provides that "[a]ny employer who violates [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional amount as liquidated damages. 29 U.S.C. § 216(b). Thus, when a jury finds that an employer willfully violated the ADEA, the basic damages award may be doubled under this liquidated damages provision.
>
> . . . .
>
> The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge" an individual because of his or her age. 29 U.S.C. § 623(a)(1). Included in the ADEA's definition of employer

> is "a State or political subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State." 29 U.S.C. § 630(b). The ADEA could not be more explicit in imposing liability for age discrimination against municipalities. Similarly explicit is the ADEA's contemplation of the imposition of liquidated damages, as it states in pertinent part "[t]hat liquidated damages shall be payable only in cases of willful violations of this chapter." 29 U.S.C. § 626(b). The FLSA provisions incorporated in the ADEA provide for the imposition of liquidated damages "against any employer (including a public agency)," 29 U.S.C. § 216(b), and the statutory definition of a "public agency" includes "State[s] or political subdivisions thereof," 29 U.S.C. § 203(x).

Id. at 372-73. Accordingly, "[i]nasmuch as the statute expressly authorizes that imposition of liquidated damages against a municipality, even though such damages are punitive in nature," the City's request to strike Hunter's claim for liquidated damages under the ADEA is **DENIED**. See also Freeman v. City of Mobile, 146 F.3d 1292, 1305 (11th Cir. 1998) (Kravitch, J., concurring and noting that "a public agency found to have violated FLSA's overtime requirements is liable to its employees in the amount of . . . unpaid overtime compensation . . . and in an additional equal amount as liquidated damages . . . ." Id. (internal quotation omitted)).

**DONE** and **ORDERED** this the **13th** day of **April, 2010.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**UNITED STATES DISTRICT JUDGE**